Gould v. LaMonica. Is Mr. Gould here? Mr. Gould is not here. Would you like to say anything? Would you like to argue? Or you can rest on your papers if you want. Good morning, Your Honors. May it please the Court. David Blansky of LaMonica Herbst to Meniscalco, appearing with Mr. LaMonica, the Chapter 7 trustee in this case. I know the Court is familiar with the papers. And short order the Court has before it is a motion for reconsideration. The thing I thought I might offer today, since most of what I have to say is contained in the briefing, would be to perhaps provide context with respect to the case. Here, this is a matter in which Mr. Gould filed a voluntary bankruptcy case in March of 2015. His case was converted in June of 2016 to a Chapter 7 case, and Mr. LaMonica was subsequently appointed as trustee. He has been attempting to administer and close this bankruptcy case since early 2018, when he sold the two properties that were the subject of the sale confirmation orders in this case, and he made certain tax disbursements. With the exception of paying Mr. Gould a $150,000 homestead exemption and paying the holder of a mortgage against his personal residence on the mortgage that encumbered it, none of the professionals, the trustee, none of the creditors have been paid. And so I rise in the sense that Mr. Gould has complained in his submissions to this Court and to the district court as to seeking a variety of information and wondering why the case can't be closed and administered. And in short, the answer is because of Mr. Gould. He's — I know the reason that Judge Kaplan's not sitting with us today. It occurred to me when I saw the panel is because Judge Kaplan sat on a parallel set of facts with respect to another sale in the same case in which he reached a similar conclusion. The issue before us was a question of reconsideration, and as the Court is aware, Judge Daniels denied reconsideration which had been sought on a one-page, one-paragraph letter asking for a variety of relief. In that regard, before this Court is an open, quote, motion to produce. As the Court is well aware, the Court rules on the record before it. There's no motion before the Court to expand the record, and the place for Mr. Gould to obtain discovery from the trustee is not before the district court, before this Court on this appeal or on this record. And the irony of all this is that Mr. Gould is a debtor in a case in which it is anticipated that there will be a rarity, a surplus of money and assets that may flow back to him when the case is closed, including an income-producing asset. And the only thing that prevents Mr. Lamonica from reaching that point and distributing the assets is the completion of this appeal, and then he can return to the bankruptcy court where he can prepare the paperwork necessary to administer the case. So I'm — as reflected in the submissions, there's been no grounds for reconsideration before Judge Daniels. He properly, summarily denied reconsideration. There's been no articulation in the briefing by Mr. Gould as to why you should reconsider that decision. And even if this Court were to reach back and to look at the dismissal of the appeal of the sale confirmation order and the tax order, if it went to look at the merits of that, which I think it ought not to, it would find that Judge — Magistrate Judge Ahrens had a properly reasoned report and recommendation concluding that the bankruptcy court's orders — well, the appeal was both statutorily and equitably moved because the sales had been completed, tax disbursements had been made, and it would be impossible under the Chattagoy factors to unwind those transactions this many years later. And significantly, Mr. Gould did not, not withstanding the 14-day stay under Bankruptcy Rule 6004H. He didn't get a stay, which he was familiar with the processes and other matters, and those sales proceeded. So even if the Court were to peel back the onion a layer and to look to what would have happened if you granted reconsideration, the appeal still would be dismissed. And for the foregoing reasons, I would ask that the Court, one, deny Mr. Gould's appeal and dismiss it, and, second, deny the motion to produce, which is technically still open to the Court, although I was at odds with trying to figure out what a motion to produce actually is. And for these reasons, unless the Court has questions for myself or the trustee, I'd ask that the Court find in favor of the trustee on this appeal. Thank you. Thank you. Court will reserve decision. The clerk will adjourn court.